UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>v.<br><br>Diane Dupree King,<br><br>             Defendant.<br>_____/ | Case:2:21-cr-20494<br>Judge: Lawson, David M.<br>MJ: Patti, Anthony P.<br>Filed: 07-28-2021 At 04:34 PM<br>INDI USA V. SEALED MATTER (DA)<br><br><br>VIO: 18 U.S.C. § 1347<br>       18 U.S.C. § 2<br>       18 U.S.C. § 982 |

## **INDICTMENT**

THE GRAND JURY CHARGES:

### **General Allegations**

At all times relevant to this Indictment:

      1.    The Medicare program ("Medicare") was a federal health care program providing benefits to persons who were 65 years of age or older or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services ("HHS"). Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

1

2. Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b), and a "Federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f).

3. Medicare included coverage under two primary components, hospital insurance ("Part A") and medical insurance ("Part B"). Medicare Part B covered the costs of medical insurance, including physician, nursing, and other ancillary services not covered by Part A. The services at issue in this Indictment were covered by Part B.

4. AdvanceMed (now known as "CoventBridge Group") was the Zone Program Integrity Contractor ("ZPIC"), and as such, it was the Medicare contractor charged with investigating fraud, waste, and abuse, during the relevant time period.

5. Physicians, nurse practitioners, and other health care providers that provided medical services that were to be reimbursed by Medicare were referred to as Medicare "providers." To participate in Medicare, providers were required to submit applications in which the providers agreed to comply with all Medicare-related policies and procedures, rules, and regulations issued by CMS and its agents and contractors, including those governing reimbursement, and furthermore, certified that they would not knowingly present, or cause to be presented, false and fraudulent claims.

6. If Medicare approved a provider's application, Medicare assigned the provider a Medicare "provider number," which was used for the processing and payment of claims.

7. Local Coverage Determinations ("LCDs"), as defined by the Social Security Act, were decisions made by a Medicare Administrative Contractor ("MAC") on whether a particular service or item was reasonable and necessary, and therefore covered by Medicare within the specific region that the MAC oversaw. LCDs 34616 and 30489 were titled "Psychiatry and Psychological Services" and applied to the primary geographical jurisdiction of Michigan. These LCDs specified that Medicare coverage of psychotherapy did not include teaching grooming skills, monitoring activities of daily living ("ADL"), recreational therapy (dance, art, play), or social interaction. It also did not include oversight activities such as house or financial management. LCD A54829, entitled "Clinical Social Worker Services," stated that services furnished as an "incident to" clinical social work ("CSW") personal professional services were not covered.

8. Providers were given, and provided with online access to, Medicare manuals and services bulletins describing proper billing procedures and billing rules and regulations. Providers could only submit claims to Medicare for services they rendered, and providers were required to maintain patient records to verify that the services were provided as described on the claim form. These records were required

to be sufficient to permit Medicare, through its contractors, to review the appropriateness of Medicare payments made to the health care provider.

9. To receive reimbursement for a covered service from Medicare, a provider was required to submit a claim, either electronically or using a form (e.g., a CMS-1500 form or UB-92), to the Medicare contractor or carrier containing the required information appropriately identifying the provider, beneficiary, and services rendered.

10. Medicare only covered services that were both medically necessary and rendered as billed.

## The Businesses

11. Prestige Behavioral Therapy Development Center LLC ("Prestige Behavioral") was a Michigan limited liability company, formed in or around October 2012, and located at 24450 Evergreen Rd., Ste 104, Southfield, Michigan. Prestige Behavioral was enrolled as a participating provider with Medicare.

12. Prestige Creative Arts Therapy LLC ("Prestige Creative") was a Michigan limited liability company, formed in or around December 2009, and located at 28338 Franklin Rd., Southfield, Michigan. Prestige Creative was enrolled as a participating provider with Medicare.

### *The Defendant*

13. Defendant DIANE DUPREE KING, a resident of Bloomfield Hills, Michigan, during the period of the criminal conduct described herein, was the registered owner for Prestige Behavioral and Prestige Creative and was the sole signatory on the bank accounts into which Medicare reimbursements to both Prestige Behavioral and Prestige Creative were deposited.

### COUNTS 1 through 8
### (18 U.S.C. §§ 1347 and 2 - Health Care Fraud)

14. Paragraphs 1 through 13 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

15. From in or around January 1, 2016, and continuing through present, the exact dates being unknown to the Grand Jury, in Wayne, Oakland, and Macomb Counties, in the Eastern District of Michigan, and elsewhere, the defendant, DIANE DUPREE KING, in connection with the delivery of, and payment for, health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud Medicare, a federal health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, any money and property owned by, or under the custody or control of, said health care benefit program, in connection with the

delivery of, and payment for, health care benefits, items, and services, by submitting or causing the submission of false and fraudulent claims to Medicare for psychotherapy services that were not provided and not eligible for reimbursement.

## PURPOSE OF SCHEME AND ARTIFICE

16. It was a purpose of the scheme and artifice for DIANE DUPREE KING to unlawfully enrich herself through the submission of false and fraudulent claims to Medicare for psychotherapy services that were not provided or were otherwise not eligible for reimbursement.

## THE SCHEME AND ARTIFICE

17. On or about January 29, 2016, DIANE DUPREE KING, on behalf of Prestige Behavioral, certified to Medicare that she would comply with all Medicare rules and regulations, including that she would not knowingly present or cause to be presented a false and fraudulent claim for payment by Medicare. She made the same certification on behalf of Prestige Behavioral on or about March 29, 2016, July 5, 2016, March 9, 2017, and April 1, 2018.

18. On or about August 31, 2016, DIANE DUPREE KING, on behalf of Prestige Creative, certified to Medicare that she would comply with all Medicare rules and regulations, including that she would not knowingly present or cause to be presented a false and fraudulent claim for payment by Medicare. She made the same

certification on behalf of Prestige Creative on or about February 22, 2017, and May 4, 2018.

19. Beginning on approximately January 1, 2016, DIANE DUPREE KING devised and engaged in a scheme to submit false and fraudulent claims to Medicare for: (a) psychotherapy services that were not provided; (b) psychotherapy services that were not medically necessary; and/or (c) psychotherapy services that were not eligible for reimbursement from Medicare.

20. DIANE DUPREE KING submitted, or caused the submission of, false and fraudulent claims to Medicare purporting that individual and group psychotherapy was provided to Medicare beneficiaries at Prestige Behavioral and Prestige Creative facilities, when in fact, the beneficiaries were receiving inpatient treatment at hospitals on the same dates for which services were billed to Medicare through Prestige Behavioral and Prestige Creative.

21. DIANE DUPREE KING submitted, or caused the submission of, false and fraudulent claims to Medicare purporting that individual and group psychotherapy was provided to Medicare beneficiaries, at both Prestige Behavioral and Prestige Creative facilities, who suffered from communication deficits requiring additional accommodations, when, in fact, these beneficiaries did not suffer from communication deficits and/or no additional accommodations were provided.

22. DIANE DUPREE KING submitted, or caused the submission of, false and fraudulent claims to Medicare purporting that individual and group psychotherapy was being provided to Medicare beneficiaries at Prestige Behavioral and Prestige Creative facilities by Licensed Master Social Workers ("LMSW") credentialed by Medicare as providers for Prestige Behavioral and Prestige Creative, as required by Medicare for reimbursement of these services, when, in fact, these purported services were provided by unqualified and/or non-credentialed individuals.

23. DIANE DUPREE KING submitted, or caused the submission of, false and fraudulent claims to Medicare on behalf of both Prestige Behavioral and Prestige Creative purporting psychotherapy services were provided by numerous LMSWs, when, in fact, certain LMSWs were no longer employed by Prestige Behavioral and Prestige Creative and did not provide the services billed on the submitted claims.

24. DIANE DUPREE KING submitted, or caused the submission of, false and fraudulent claims to Medicare purporting that beneficiaries were receiving individual and group psychotherapy, when in fact, beneficiaries did not participate in individual and/or group therapy because they suffered from conditions that made it impossible for them to participate and/or benefit from the psychiatric service.

25. DIANE DUPREE KING submitted, or caused the submission of, false and fraudulent claims to Medicare purporting that beneficiaries were receiving

8

individual and group psychotherapy, when, in fact, staff of Prestige Behavioral and Prestige Creative played games, assisted beneficiaries with puzzles and painting, listened to music, and watched television with Medicare beneficiaries, which were not services covered by Medicare.

26. From on or about January 1, 2016, through present, DIANE DUPREE KING submitted or caused the submission of at least $6 million in false or fraudulent claims to Medicare on behalf of Prestige Behavioral and Prestige Creative, all in violation of 18 U.S.C. §§ 1347 and 2.

## EXECUTION OF THE SCHEME AND ARTIFICE

27. On or about the dates specified below, in the Eastern District of Michigan, and elsewhere, DIANE DUPREE KING, aided and abetted by others, and aiding and abetting others known and unknown to the Grand Jury, submitted or caused to be submitted the following false and fraudulent claims to Medicare for psychotherapy services that were not provided in an attempt to execute, and in execution of, the scheme as described in Paragraphs 17 to 26, with each execution set forth below forming a separate count:

| Count | Beneficiary | Approximate Date of Service | Approximate Date of Claim | Description of Items Billed | Approximate Amount Billed |
|---|---|---|---|---|---|
| Count 1 | D.R. | 11/20/2018 | 12/6/2018 | 90834 | $100.00 |
| Count 2 | D.R | 11/20/2018 | 12/6/2018 | 90785 | $50.00 |
| Count 3 | D.R. | 11/20/2018 | 12/6/2018 | 90853 | $50.00 |
| Count 4 | I.C. | 1/26/2020 | 3/23/2020 | 90837 | $145.00 |

9

| Count | Beneficiary | Approximate Date of Service | Approximate Date of Claim | Description of Items Billed | Approximate Amount Billed |
|---|---|---|---|---|---|
| Count 5 | I.C. | 1/26/2020 | 3/23/2020 | 90853 | $30.00 |
| Count 6 | Y.M. | 3/12/2020 | 4/09/2020 | 90834 | $100.00 |
| Count 7 | Y.M. | 3/12/2020 | 4/09/2020 | 90785 | $20.00 |
| Count 8 | Y.M. | 3/12/2020 | 4/09/2020 | 90853 | $30.00 |

Each in violation of 18 U.S.C. §§ 1347 and 2.

## FORFEITURE ALLEGATIONS
### (18 U.S.C. § 982(a)(7) - Criminal Forfeiture)

28.  The allegations contained in this Indictment above are incorporated by reference as if set forth fully herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982.

29.  As a result of the violations alleged in Counts 1 through 8 under Title 18, United States Code, Sections 1347 and 2, defendant DIANE DUPREE KING shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(7), any property, real or personal, constituting, or derived from, any gross proceeds obtained, directly or indirectly, as a result of such violation.

30.  Substitute Assets: If the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

        a. Cannot be located upon the exercise of due diligence;
        b. Has been transferred or sold to, or deposited with, a third party;
        c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or
    e. Has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 18, United States Code, Section 982(b), to seek to forfeit any other property of defendant DIANE DUPREE KING up to the value of the forfeitable property described above.

    31.    <u>Money Judgment</u>: Defendant DIANE DUPREE KING shall forfeit to the United States a sum of money equal to at least $1,547,438.86 million in United States currency, or such amount as is proved in this matter, representing the total amount of gross proceeds defendant obtained as a result of defendant's violations of Title 18, United States Code, Sections 1347 and 2, as alleged in this Indictment.

    THIS IS A TRUE BILL.

    <u>s/Grand Jury Foreperson</u>
    Grand Jury Foreperson

SAIMA S. MOHSIN
ACTING UNITED STATES ATTORNEY

JOSEPH S. BEEMSTERBOER
Acting Chief
Criminal Division, Fraud Section
U.S. Department of Justice

ALLAN J. MEDINA
Chief, Health Care Fraud Unit
Criminal Division, Fraud Section
U.S. Department of Justice

REGINA MCCULLOUGH
Chief, Health Care Fraud Unit
United States Attorney's Office
Eastern District of Michigan

s/Shankar Ramamurthy
SHANKAR RAMAMURTHY
STEVEN SCOTT
Trial Attorneys
Criminal Division, Fraud Section
U.S. Department of Justice
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (202) 924-5368
Email: shankar.ramamurthy@usdoj.gov

Dated: July 28, 2021

12

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cov** | Case:2:21-cr-20494<br>Judge: Lawson, David M.<br>MJ: Patti, Anthony P.<br>Filed: 07-28-2021 At 04:34 PM<br>INDI USA V. SEALED MATTER (DA) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)¹: | **Judge Assigned:** |
| ☐ Yes   ☒ No | AUSA's Initials: _SL_ |

**Case Title:** USA v. Diane Dupree King

**County where offense occurred:** Wayne County, Oakland County, and Macomb County

**Check One:**   ☒ Felony   ☐ Misdemeanor   ☐ Petty

✓ Indictment/____Information --- **no** prior complaint.
____Indictment/____Information --- based upon prior complaint [Case number: ____ ]
____Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____   **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

July 28, 2021
Date

Shankar Ramamurthy, Trial Attorney
211 West Fort Street, Detroit, MI 48226
Phone:(202) 924-5368
Fax:   (313) 226-0816
E-Mail address: Shankar.Ramamurthy@usdoj.gov
Attorney Bar #:  IL 6306790

---

¹ Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.