United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                            Hon. David M. Lawson

v.

                            Case No. 21-cr-20494

Diane Dupree King

        Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Diane Dupree King, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.    Count of Conviction

The defendant will plead guilty to Count 1 of the Indictment. Count 1 charges the defendant with Health Care Fraud under 18 U.S.C. § 1347.

## 2.    Statutory Minimum and Maximum Penalties

The defendant understands that the count to which she is pleading guilty carries the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | Up to Ten Years |
| | Fine: | Up to $250,000.00 or twice the pecuniary loss or gain |
| | Term of supervised release: | Up to Three Years |

## 3.    Agreement to Dismiss Remaining Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States will move to dismiss any remaining charges in the indictment against the defendant in this case.

## 4.    Elements of Count of Conviction

As set forth in Count One of the Indictment, the defendant is charged with violating the health care fraud statute.  The elements of Count One are as follows:

The health care fraud statute, 18 U.S.C. § 1347, makes it a Federal offense for anyone, in connection with the delivery of any health care benefits, items, or services, to knowingly and willfully execute, or attempt to execute, a scheme or artifice: (1) to defraud any health care benefit program; or (2) to obtain, by means of materially false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care

benefit program; and (3) with a "health care benefit program" being any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract.

**5.     Factual Basis**

Beginning in or around January 2016, and continuing through in or around June 2021, King knowingly and willfully executed a scheme to defraud Medicare, in violation of 18 U.S.C. § 1347.  Medicare is a "health care benefit program" of the United States, as defined by 18 U.S.C. § 24(b), and affects commerce.

During the specified time, King was the owner and operator of Prestige Behavioral Therapy Development Center LLC ("Prestige Behavioral") and Prestige Creative Arts Therapy LLC ("Prestige Creative"), two adult daycares which operated in the Eastern District of Michigan. King submitted or caused the submission of false and fraudulent claims to Medicare for individual psychotherapy and group therapy services on behalf of Medicare beneficiaries for services that

were never actually provided and under the names of providers who did not provide the billed-for services. In particular, King submitted a claim for individual psychotherapy services provided to Medicare beneficiary D.R. on November 20, 2018, when in fact Medicare beneficiary D.R. was receiving inpatient treatment at a hospital on the same date and did not receive any services from King's adult daycares on that day.

During the course of the scheme charged in the Indictment, King submitted or caused the submission of false and fraudulent claims to Medicare in the approximate amount of $6,011,240 on behalf of Prestige Creative and Prestige Behavioral.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for the defendant's guilty plea to the charge against her.  It does not include all of the facts known to her concerning criminal activity in which she engaged.  The defendant makes this statement knowingly and voluntarily and because she is in fact guilty of the crime charged.

## 6.   Advice of Rights

The defendant has read the Indictment, has discussed the charges and possible defenses with her attorney, and understands the crime

charged. The defendant understands that, by pleading guilty, she is waiving many important rights, including the following:

    A.    The right to plead not guilty and to persist in that plea;

    B.    The right to a speedy and public trial by jury;

    C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

    D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

    E.    The right to confront and cross-examine adverse witnesses at trial;

    F.    The right to testify or not to testify at trial, whichever the defendant chooses;

    G.    If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

    H.    The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

    I.    The right to compel the attendance of witnesses at trial.

7.    **Collateral Consequences of Conviction**

The defendant understands that her conviction here may carry additional consequences under federal or state law.

<u>Immigration.</u> The defendant understands that, if she is not a United States citizen, her conviction here may require her to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of her conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be.

<u>Exclusion from the Medicare Program and Other Federal Health Care Programs.</u> Defendant understands and acknowledges that as a result of this plea, the defendant will be excluded from Medicare, Medicaid, and all Federal health care programs. Defendant agrees to

complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect the defendant's right to apply for and receive benefits as a beneficiary under any Federal health care program, including Medicare and Medicaid.

The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration, program exclusions, or other consequences resulting from her conviction.

## 8.    Defendant's Guideline Range

### A.    Court's Determination

The Court will determine the defendant's guideline range at sentencing.

## B.   Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding Indictment from, her probation officer; obstructing justice in any way; denying her guilt on the offense(s) to which she is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will

be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

## C. Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply to the defendant's guideline calculation on Count 1:

1. Base offense level of 6 (§ 2B1.1(a)(1))

2. A 18-level increase for loss amount between $3,500,000 and $9,500,000 (§ 2B1.1(b)(1))

3. A 2-level increase for a federal health care offense with a loss greater than $1,000,000 (§ 2B1.1(b)(7))

## D. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations in paragraphs 7.B and 7.C. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### E.   Not a Basis to Withdraw

The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if she disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations in paragraphs 7.B and 7.C. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 9.   Imposition of Sentence

### A.   Court's Obligation

The defendant understands that in determining her sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B.   Imprisonment

#### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment

on Count 1 not exceed the bottom of the defendant's guideline range as determined by the Court.

### 2.    No Right to Withdraw

The government's recommendation in paragraph 8.B.1 is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.    Supervised Release

### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a three-year term of supervised release.

### 2.  No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 8.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.  Fines

There is no recommendation or agreement as to a fine.

### E.  Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. The parties have agreed that the Defendant shall pay restitution in the amount of $1,547,438.86 to the victim, U.S. Dept. of Health and Human Services.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and

3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining her ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

## F.    Forfeiture

Pursuant to 18 U.S.C. § 982(a)(7) and/or § 981(a)(1)(C) with 28 U.S.C. § 2461(c), defendant agrees to forfeit to the United States her interest in all property, real and personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to

defendant's scheme to commit health care fraud, in violation of 18 U.S.C. § 1347, as charged in Count One of the Indictment.

In addition, defendant agrees to the entry of a forfeiture money judgment against her in favor of the United States in the amount of $1,547,438.86, which represents the total value of the property subject to forfeiture for defendant's violation as set forth in the Indictment. As part of this plea agreement, defendant acknowledges that she personally obtained at least $1,547,438.86 in gross proceeds as a result of her participation in the charged health care fraud scheme and that such proceeds have been spent and/or dissipated and are no longer available for forfeiture.

Defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of defendant.  To satisfy the money judgment, defendant explicitly agrees to the forfeiture of any assets as she has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes her right to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

Defendant agrees to the entry of one or more orders of forfeiture incorporating the above-referenced money judgment, following defendant's guilty plea, upon application by the United States, at, or any time before, her sentencing in this case, as mandated by Fed. R. Crim. P. 32.2. Defendant agrees to stipulate to such an order, indicating she consents to its entry if requested to do so by the Government.

To satisfy the forfeiture money judgment, defendant agrees to identify all assets over which she exercises control, directly or indirectly, or has exercised such control, within the past five years. Defendant agrees to identify all assets in which she has or had during that time any financial interest, and will provide all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds, and any and all other documents necessary to deliver good and marketable title to said property. Defendant agrees to take all steps as requested by the government to obtain from any other parties by any lawful means any records of assets owned at any time by defendant. She also agrees to undergo any polygraph examination the government may choose to

administer concerning such assets and to provide and/or consent to the release of her tax returns for the previous five years.

Defendant agrees that she will cooperate with the United States by taking whatever steps are necessary to deliver clear title to any property identified for forfeiture as a substitute asset and will execute such legal documents as may be required to transfer rights, title, and ownership to the United States and shall take whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted, or otherwise made unavailable for forfeiture.

Defendant acknowledges that she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise her of this, pursuant to Fed. R. Crim. P. 11(b)(1)(J), or otherwise, at the time that her guilty plea is accepted. Defendant further waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of forfeiture in the charging instrument, pronouncement of forfeiture at sentencing and incorporation of forfeiture in the judgment.

In entering into this agreement with respect to forfeiture, defendant knowingly, voluntarily, and intelligently waives any Double

Jeopardy challenge, or any other challenge to the above-described forfeiture based on the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### G.    Special Assessment

The defendant understands that she will be required to pay a special assessment of $100, due immediately upon sentencing.

## 10.    Appeal Waiver

The defendant waives any right she may have to appeal her conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guideline range determined by the Court, the defendant also waives any right she may have to appeal her sentence on any grounds.

## 11.    Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any

other right she may have to challenge her conviction or sentence by
collateral review, including, but not limited to, any right she may have
to challenge her conviction or sentence on any grounds under 28 U.S.C.
§ 2255 (except for properly raised ineffective assistance of counsel or
prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241,
or Federal Rule of Civil Procedure 59 or 60.

## 12.   Consequences of Withdrawal of Guilty Plea or Vacation of Judgment

If the defendant is allowed to withdraw her guilty plea, or if the
defendant's conviction or sentence under this agreement is vacated, the
government may reinstate any charges against the defendant that were
dismissed as part of this agreement and may file additional charges
against the defendant relating, directly or indirectly, to any of the
conduct underlying the defendant's guilty plea or any relevant conduct.
If the government reinstates any charges or files any additional charges
as permitted by this paragraph, the defendant waives her right to
challenge those charges on the ground that they were not filed in a
timely manner, including any claim that they were filed after the
limitations period expired.

## 13. Use of Withdrawn Guilty Plea

The defendant agrees that if she is permitted to withdraw her guilty plea for any reason, she waives all of her rights under Federal Rule of Evidence 410, and the government may use her guilty plea, any statement that the defendant made at her guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 14. Parties to Plea Agreement

This agreement does not bind any government agency except the Fraud Section of the United States Department of Justice.

## 15. Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement.

If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 16.   Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Department of Justice office by 5:00 p.m. on October 15, 2021. The government may withdraw from this agreement at any time before the defendant pleads guilty.

SAIMA S. MOHSIN

ACTING UNITED STATES
ATTORNEY

JOSEPH S. BEEMSTERBOER
Acting Chief
Criminal Division, Fraud Section
U.S. Department of Justice

DUSTIN DAVIS
Acting Chief, Health Care Fraud Unit
Criminal Division, Fraud Section
U.S. Department of Justice

REGINA R. MCCULLOUGH
Chief, Health Care Fraud Unit
United States Attorney's Office
Eastern District of Michigan

SHANKAR RAMAMURTHY
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (202) 924-5368
Email:
shankar.ramamurthy@usdoj.gov


Dated: 4/13/2022

By signing below, the defendant and her attorney agree that the defendant has read or been read this entire document, has discussed it with her attorney, and has had a full and complete opportunity to confer with her attorney. The defendant further agrees that she understands this entire document, agrees to its terms, has had all of her questions answered by her attorney, and is satisfied with her attorney's advice and representation.

_____    _____
Sanford A. Schulman                 Diane Dupree King
Attorney for Defendant              Defendant

Dated: April 21, 2022